# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH KOEBERLEIN, *on behalf of himself and those similarly situated,*<br>607 Summit Drive<br>Plainfield, IN 46168<br><br>          Plaintiff,<br><br>     v.<br><br>SAGAMORE HOME MORTGAGE, LLC<br>2629 Waterfront Parkway East Drive,<br>Suite 350<br>Indianapolis, IN 46214<br><br>     and<br><br>DOUGLAS DODSON<br>2086 Glendon Way<br>Pleasant Grove, UT 84062<br><br>     and<br><br>SCOTT COLE<br>6492 Timber Terrace<br>Brownsburg, IN 46112<br><br>     and<br><br>SCOTT PEACHEE<br>8096 W. 350 N.<br>Thorntown, IN 46071<br><br>     and<br><br>JOHN DOES 1-10<br>c/o SAGAMORE HOME MORTGAGE, LLC<br>2629 Waterfront Parkway East Drive,<br>Suite 350<br>Indianapolis, IN 46214<br><br>          Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID MINIMUM WAGE AND OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR VIOLATIONS OF THE INDIANA COMMON LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED**<br><br>FILED<br>NOV 13 2018<br>U.S. CLERK'S OFFICE<br>INDIANAPOLIS, INDIANA<br><br>1:18-cv-3526 JRS-TAB |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Joseph Koeberlein (hereinafter referred to as "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant Sagamore Home Mortgage, LLC, Douglas Dodson, Scott Cole, Scott Peachee, and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and Indiana common law. Named Plaintiff asserts that Defendants failed to pay the minimum wage and overtime wages to him and other similarly situated individuals in violation of the FLSA. Named Plaintiff also asserts that Defendants unlawfully failed to pay contractually owed wages to him and other similarly situated individuals in violation of the state common law. As a result of Defendants' unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.   Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.   The foregoing paragraphs are incorporated herein as if set forth in full.

7.   Named Plaintiff Joseph Koeberlein (hereinafter "Named Plaintiff") is an adult individual with an address as set forth above.

8.   Defendant Sagamore Home Mortgage, LLC (hereinafter "Defendant Sagamore") is a company that operates in Indiana and is located at the address as set forth above.

9.   Defendant Douglas Dodson (hereinafter "Defendant Dodson") was an officer for Defendant Sagamore at all times relevant herein.

10.   Defendant Scott Cole (hereinafter "Defendant Cole") was an officer for Defendant Sagamore at all times relevant herein.

11.   Defendant Scott Peachee (hereinafter "Defendant Peachee") was an officer for Defendant Sagamore at all times relevant herein.

12.   Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to federal and state law.

13.   Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and those similarly situated.

14. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as Loan Officers, or in other positions subject to Defendants' failure to pay the minimum wage and/or overtime wages as described herein and who worked for Defendants anywhere in the United States at any point during the time period from three years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Collective Plaintiffs").

17. Named Plaintiff and Collective Plaintiffs are similarly situated, were subject to substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

18. There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees (i.e. Collective Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS UNDER THE STATE COMMON LAW (BREACH OF CONTRACT)

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claim for relief to redress Defendants' violations of state common law on behalf of himself and those similarly situated.

23. Specifically, Named Plaintiff seeks to represent a class of all individuals who worked or work for Defendants as Loan Officers and other similar positions and who worked in the United States and were subject to the Defendants failure to pay all wages owed pursuant to their contracts, as discussed *infra*, at any point during the time period from three (3) years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Breach Class Plaintiffs").

24. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over 40 individuals.

25. Named Plaintiff's claims are typical of the claims of the Breach Class Plaintiffs, because Named Plaintiff, like all Breach Class Plaintiffs, within the last six (6) years, had contracts with Defendants requiring Defendants to pay him commissions based on a percentage loan closed on behalf of Defendants' clients and whom Defendants failed to pay owed money pursuant to said contracts.

26. Named Plaintiff will fairly and adequately protect the interests of the Breach Class Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

27. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

29. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Named Plaintiff and Breach Class Plaintiffs had a contract with Defendants and whether Defendants breached their contracts by failing to pay them all money owed pursuant to the contracts.

### Collective Reference to Putative Classes

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. The members of all the above-defined putative classes (i.e., Collective Plaintiffs and Breach Class Plaintiffs) collectively shall be referred to as "All Class Plaintiffs."

## FACTUAL BACKGROUND

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. Named Plaintiff worked for Defendants as a Loan Officer from on or around July 11, 2016 for approximately 1.5 years until on or around December 20, 2017.

34. All Class Plaintiffs worked/work for Defendants as Loan Officers.

35. Named Plaintiff signed contracts titled "Corporate Loan Officer Compensation Plan," which explicitly identifies the Named Plaintiff as being an "employee".

36. Collective Plaintiffs and Breach Class Plaintiff signed contracts titled "Corporate Loan Officer Compensation Plan," which explicitly identifies them as being an "employee".

37. At all times relevant hereto, Defendant Dodson exercised control of Defendant Sagamore's operations, had the authority to hire and fire employees, the power to determine salaries, and controlled significant aspects of Defendant Sagamore's day-to-day functions.

38. At all times relevant hereto, Defendant Cole exercised control of Defendant Sagamore's operations, had the authority to hire and fire employees, the power to determine salaries, and controlled significant aspects of Defendant Sagamore's day-to-day functions.

39. At all times relevant hereto, Defendant Peachee exercised control of Defendant Sagamore's operations, had the authority to hire and fire employees, the power to determine salaries, and controlled significant aspects of Defendant Sagamore's day-to-day functions.

### Failure to Pay the Minimum Wage
### (Named Plaintiff and Collective Plaintiffs v. Defendants)

40. The foregoing paragraphs are incorporated herein as if set forth in full.

7

41. Defendants failed to pay Named Plaintiff any compensation for several weeks in which he performed work during December 2017.

42. Accordingly, Defendants failed to pay Named Plaintiff the minimum wage under the FLSA for said workweeks.

43. Defendants failed to pay Collective Plaintiffs any compensation for at least one workweek during the last three (3) years.

44. Accordingly, Defendants failed to pay Collective Plaintiffs the minimum wage under the FLSA for all hours worked.

45. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Collective Plaintiffs have suffered damages.

**Named Plaintiff and Collective Plaintiffs Were Non-Exempt Employees Under the FLSA**

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. At no time did Named Plaintiff hire or fire any employees of Defendants.

48. At no time did Collective Plaintiffs hire or fire any employees of Defendants.

49. At no time did Named Plaintiff supervise any employees of Defendants.

50. At no time did Collective Plaintiffs supervise any employees of Defendants.

51. At no time did Named Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

52. At no time did Collective Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

53. Accordingly, Named Plaintiff and Collective Plaintiffs were/are, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

### Failure to Pay Overtime Wages for All Overtime Hours Worked
### (Named Plaintiff and Collective Plaintiffs v. Defendants)

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. Within the three (3) years preceding the filing of the instant complaint, Named Plaintiff worked over 40 hours in a workweek during the majority of workweeks.

56. However, at no time after July 2016 did Defendants pay Named Plaintiff any overtime compensation for the hours he worked over 40 hours in a workweek.

57. Collective Plaintiffs worked over 40 hours in a workweek during at least one workweek within the three years preceding the filing of the instant complaint.

58. However, at no time after July 2016 did Defendants pay Collective Plaintiffs any overtime compensation for the hours they worked over 40 hours in a workweek.

59. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Collective Plaintiffs have suffered damages.

### Failure to Pay Contractually Owed Wages
### (Named Plaintiff and Breach Class Plaintiffs v. Defendants)

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. Pursuant to the contract between Named Plaintiff and Defendants, Defendants owed Named Plaintiff a percentage of any loan that Named Plaintiff closed.

62. However, Defendants have failed to pay Named Plaintiff since November 20, 2017 for any loan Named Plaintiff closed.

63. Specifically, Defendants owes Named Plaintiff approximately $50,000.00 in unpaid commissions, respectively.

64. Pursuant to the contracts between Defendant and the Breach Class Plaintiffs, Defendants agreed to pay the Breach Class Plaintiffs a percentage of any loan closed.

65. Defendants have failed to pay Breach Class Plaintiffs owed commissions pursuant to their agreements with Defendants to pay a percentage of each loan closed.

66. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Breach Class Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act ("FLSA")
(Failure to pay Minimum Wage)
(Named Plaintiff and Collective Plaintiffs v. Defendants)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

69. Defendants Dodson, Cole, and Peachee specifically are employers within the meaning of the FLSA because they each exercised control of Defendant Sagamore's operations, had the authority to hire and fire employees, the power to determine salaries, and controlled significant aspects of Defendant Sagamore's day-to-day functions.

70. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

71. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

72. Under the FLSA, an employer must pay an employee at least $7.25 for all hours worked in a workweek.

73. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Collective Plaintiffs the minimum wage for all hours worked.

74. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs the minimum wage was/is willful and was/is not based upon any reasonable interpretation of the law.

75. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Fair Labor Standards Act ("FLSA")
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**
**(Failure to pay Overtime Compensation)**

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

78. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked over forty (40) hours per workweek.

79. Defendants' violations of the FLSA include not paying Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rate for hours worked over forty (40) hours in a workweek.

80. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

81. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of Common Law
### (Named Plaintiff and Breach Class Plaintiffs v. Defendants)
### (Breach of Contract)

82. The foregoing paragraphs are incorporated herein as if set forth in full.

83. At all times relevant herein, Defendants and Named Plaintiff and Breach Class Plaintiffs maintained a contractual relationship.

84. At all times relevant herein, Defendants are/were responsible for paying money to Named Plaintiff and Breach Class Plaintiffs pursuant to their contracts.

85. Defendants violated the contracts by failing to pay all owed money to Named Plaintiff and Breach Class Plaintiffs pursuant to the terms of their contracts.

86. As a result of Defendants' conduct, Named Plaintiff and Breach Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Breach Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws and state common law;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Breach Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4) Named Plaintiff, Collective Plaintiffs, and Breach Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5) Named Plaintiff, Collective Plaintiffs, and Breach Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(6) The claims of Named Plaintiff, Collective Plaintiffs, and Breach Class Plaintiffs are to receive a trial by jury.

(*Signature on next page*)

Respectfully Submitted,

/s/ Joshua S. Boyette

Joshua S. Boyette, Esq.
Daniel A. Horowitz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417
Email: jboyette@swartz-legal.com

Date: November 8, 2018

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and All Class Plaintiffs' employment, to Named Plaintiff's and All Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.